# IN THE COURT OF APPEALS OF IOWA

No. 14-0107
Filed November 26, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD LEE COFFMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

        A defendant appeals his judgment and sentence following his conviction for possession of marijuana. **AFFIRMED.**

        Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, Mary Triick, Assistant Attorney General, Michael J. Walton, County Attorney, and Patrick McElyea, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., Tabor, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Chad Lee Coffman appeals his judgment and sentence following his conviction for possession of marijuana.  He contends there is insufficient evidence to show he possessed more than fifty grams of marijuana discovered in his apartment.  We review his claim for correction of errors at law.  *See State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014).

Law enforcement obtained a warrant to search Coffman's apartment after a paid informant made a controlled purchase of methamphetamine from a woman inside.  During the search, officers discovered 12.75 grams of marijuana in a filing cabinet in Coffman's bedroom.  Another thirty-eight grams of marijuana was inside a plastic bag in plain view under a living room table.

Coffman was charged with possession of marijuana, in violation of section 124.401(5) (2011).[1]  He waived his right to a jury trial.  Following a bench trial, Coffman was found guilty and sentenced to 120 days in jail with credit for time served.

On appeal, Coffman contends there is insufficient evidence to support a finding he had dominion and control of the marijuana.  He claims at the time of the search, a married couple was also living in the apartment and a female friend was visiting.  Where drugs are found on jointly-occupied premises, additional proof of possession is necessary, such as:

> "(1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the

---

[1] Coffman was also charged with sponsoring a gathering for use of controlled substances, in violation of Iowa Code section 124.407, but the charge was later dismissed.

person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance."

*State v. Thomas*, 847 N.W.2d 438, 443 (Iowa 2014). Coffman argues this additional proof is lacking.

Proof of Coffman's possession was introduced through the testimony of Davenport Police Detective Brandon Koepke, who testified as follows:

> A. . . . I asked [Coffman] if we were going to find anything illegal inside.
> Q. What did he say in response to that? A. He said yes, he had some marijuana on a table in his apartment.
> Q. Did he mention whether or not he used marijuana? A. Yes. At the conclusion of the interview he said that—I asked him if the marijuana belonged to him. He said yes, and that he uses marijuana.
> Q. Did you take it from that that he understood what marijuana was and knew what it was? A. Yes. Absolutely.
> Q. Did he ever deny that the residence was his or any belongings weren't his? A. No.
> Q. Anything else as it relates to his possession of marijuana that—during that interview? A. No. Just like I said, he admitted that the marijuana was his and that he is a marijuana smoker. And given the extreme size—small size of his apartment—and he said it was on the table.
> I know it wasn't hidden. I don't recall exactly where it was located at, but I know it wasn't hidden. There's no way that he didn't know it was there. He was the sole occupant of that apartment as well when we executed the warrant.

Although Coffman testified he denied the marijuana was his when Detective Koepke asked, the trial court was free to reject Coffman's testimony and credit Detective Koepke's testimony. *See State v. Edouard*, 854 N.W.2d 421, 427 (Iowa 2014). Reviewing the evidence in the light most favorable to the State, *see Showens*, 845 N.W.2d at 439-40, we conclude there is sufficient evidence to support the finding Coffman possessed the marijuana. Accordingly, we affirm.

**AFFIRMED.**